**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| TERRY L. CANTERBURY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:21-CV-6 AGF |
| | ) |
| JASON LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Terry Canterbury, an inmate at the Western Missouri Correctional Center ("WMCC"), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

On January 12, 2021, the Court ordered plaintiff to submit a certified account statement for the six-month period preceding the filing of his complaint. On February 4, 2021, plaintiff submitted an unofficial copy of his financial records.

Plaintiff has not submitted a *certified copy* of his prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff, an inmate at Western Missouri Correctional Center (WMCC), brings this action pursuant to 42 U.S.C. § 1983. He names as defendants in this action Jason Lewis, Superintendent at Southeast Correctional Center (SECC), as well as Unknown Hanebrick, a Functional Unit Manager (FUM) at SECC. Plaintiff sues both defendants in their official capacities only.

Plaintiff alleges that he was in protective custody at SECC and he was placed in a cell with an offender from general population who had been placed in administrative segregation for assaulting another inmate. Plaintiff claims he was stabbed by his cellmate eighteen (18) times on December 28, 2019. He asserts generally that staff failed to protect him from the assault.

Plaintiff claims that FUM Hanebrick failed to protect him when Hanebrick assigned him to a cell with an inmate who was not in protective custody, but whom had already been placed in segregation for stabbing another inmate. He claims that Superintendent Lewis approved the

3

assignment of the two inmates celling together even though plaintiff was supposed to be in protective custody.

Plaintiff claims that the offender who stabbed him still had the knife on him he had previously used to stab the other inmate. He claims the "staff" did not properly search the offender prior to placing him in the cell with plaintiff.

Plaintiff states that he had to have three different surgeries to fix his shattered right eye socket. He claims he had a plate put in his face, and he may yet lose the sight in his eye. He asserts that "outside doctors" insisted he be placed in a single cell from now on.

## Discussion

As written, this action is subject to dismissal. Plaintiff sues defendants in their official capacities only. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Even if plaintiff had alleged that defendants were liable in their individual capacities, he has not alleged that the named defendants were personally responsible for failing to protect him from the actions of his cellmate who stabbed him.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory

4

or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983). Rather, he must assert that each of the named defendants knew about his cellmate's propensity to personally harm plaintiff and was the one who placed the cellmate in the cell despite knowing of his violent tendencies. *See Farmer v. Brennan*, 511 U.S. 825, 833-837 (1994) (noting that a failure to protect claim has an objective and a subjective component). Plaintiff could also allege that he notified one of the named defendants of a threat made by his cellmate but that the defendant failed to act upon the threat, knowing the cellmate's propensity for violence. *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). Plaintiff's current complaint, as pleaded, does not allege that defendants Lewis and Hanebrick knew of a personalized threat to plaintiff from his cellmate and that they failed to act upon that threat.

The Court will give plaintiff the opportunity to file an amended complaint to set forth his claims for relief. Plaintiff is advised that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official

5

capacity, or both.[1]  Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant.  If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her.  *See* Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that the Clerk shall update plaintiff's address in accordance with the address provided by plaintiff on the envelope of plaintiff's filing to the Court on February 4, 2021, [ECF No. 4], indicating that plaintiff is currently located at Western Missouri Correctional Center.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a blank copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within **twenty-one (21) days** of the date of this Order.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 26th day of July 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE